Aryeh Kaufman, Esq. (SBN: 289745)
aryeh@akaufmanlegal.com
**LAW OFFICE OF ARYEH KAUFMAN**
5482 Wilshire Blvd., PMB 1907
Los Angeles, CA 90036
Tel: (323) 943-2566
Fax: (213) 402-8598

Mitchell C. Shapiro (*admitted pro hac vice*)
mcs@mcshapirolaw.com
**MCSHAPIRO LAW GROUP PC**
Three Grace Avenue, Suite 100
Great Neck, New York 11021
Tel: (917) 446-3628
Fax: (646) 304-7555

*Attorneys for Plaintiff Healixa Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

HEALIXA INC.

Plaintiff,

v.

INTERNATIONAL MONETARY, et al

Defendants.

Case No. 2:25-cv-00572-RGK(ASx)

**PLAINTIFF HEALIXA, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD ADDITIONAL PARTIES**

Date: June 30, 2025
Time: 9:00 AM
Place: Courtroom 850

Hon. R. Gary Klausner
United States District Judge

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 30, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at the Roybal Federal Building, 255 East Temple Street, Courtroom 850, 8th Floor, Los Angeles, California, Plaintiff Healixa, Inc. (Plaintiff or Healixa) will and does hereby move the Court for an order pursuant to Federal Rule of Civil Procedure 15(a) and 20, granting Plaintiff permission to file a first amended complaint to join and add two new defendants, Merlin Blaine (M.B.) Riley, III, and Wilson-Davis & Co., Inc.. Plaintiff seeks to add Mr. Riley to the First, Second, Third and Sixth (formerly Seventh) Causes of Action, and Wilson-Davis to the Third and Sixth (formerly Seventh) Causes of Action.

This motion is timely brought under the Court's deadline of June 21, 2025 to join new parties on the grounds that Mr. Riley is apparently the alter-ego of Defendant International Monetary ("IM") and is liable for its actions and his own acts of fraud and misappropriate (as detailed in the original complaint), and Wilson-Davis & Co., who took possession of the Disputed Shares is a co-conspirator with Riley and IM, and has aided and abetted their fraudulent conduct or is in possession or control of the restricted shares of Healixa stock previously issued to Defendant IM as a result of the fraudulent scheme and misappropriation, or are assignees of IM's purported rights against Healixa or to the Disputed Shares of the Healixa stock at issue.

The Proposed Amended Complaint merely joins Riley and Wilson-Davis as named defendants in lieu of Doe Defendants on pre-existing claims, amends the caption accordingly, reformats the pleading as a pleading in this federal district instead of a New York state complaint, add federal diversity jurisdiction and venue allegations, removes the conversion claim (the Sixth Cause of Action in original complaint) that the Court held to be barred by the economic tort doctrine in its prior order (Dkt. 60), and adds certain additional factual allegations regarding

those new defendants'  roles, conduct and participation in the fraudulent scheme. This notice of motion and motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place via email on April 24, 25 and May 15, 2025. Following the meet and confer communications, in which IM counsel objected to the addition of Riley and Wilson-Davis, Healixa agreed to remove the conversion cause of action, which Healixa initially maintained could be brought against parties other than IM regardless of the economic tort doctrine. Further conferencing would have been futile.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers on file with this Court, the Proposed Amended Complaint and redline of the differences between the Proposed Amended Complaint and the Complaint, which are both attached hereto, and upon such other evidence or arguments as may be presented to the Court at the time of hearing.

Dated: May 21, 2025

**LAW OFFICE OF ARYEH KAUFMAN/**
**MCSHAPIRO LAW GROUP PC**

By: *_/s/ Aryeh Kaufman_*

Aryeh Kaufman, Esq.

*Attorneys for Plaintiff Healixa Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. Introduction

This case arises from a consulting agreement that Plaintiff HEALIXA INC. ("Plaintiff") entered into with Defendant INTERNATIONAL MONETARY ("IM"). To induce Plaintiff into the consulting agreement, Defendant IM along with Merlin Blaine (M.B.) Riley, III ("Riley") made certain fraudulent misrepresentations to Plaintiff that Plaintiff relied upon while omitting crucial facts that would have caused Plaintiff to avoid IM and Riley altogether.

Plaintiff now seeks leave to file its First Amended Complaint, which will add two new defendants, namely, Riley and Wilson-Davis & Co., Inc. ("Wilson-Davis"), adds additional factual allegations, and removes the Sixth Cause of Action for Conversion from the operative complaint, as this Court previously ruled such claim was barred by the economic tort doctrine (ECF Dkt. 60).

Specifically, the First Amended Complaint, attached hereto and incorporated herein, will add Riley to the First Cause of Action for Actual Common Law Fraud, the Second Cause of Action for Fraudulent Inducement, Third Cause of Action for Aiding and Abetting Fraud, and the Sixth (formerly Seventh() Cause of Action for Misappropriation and Unjust Enrichment, and will add Wilson-Davis, to the Third and (new) Sixth Causes of Action.

At the time Plaintiff filed its initial complaint in this action, Plaintiff had only a suspicion that Riley was an alter-ego of IM, and did not even know that his name was Merlin Blaine Riley, III. Those facts were only learned after the commencement of the action.

Plaintiff seeks to add Wilson-Davis on the grounds that at the time Plaintiff commenced this action in September 2024, Wilson-Davis had not yet taken possession of any of the Disputed Shares. Additionally, the shares that had been transferred into Wilson-Davis's possession were frozen by the November 12, 2024, TRO and Wilson-Davis had yet to further the fraudulent scheme or benefit from it,

and there was no way to know in advance that it would do so. It now appears that Wilson-Davis has gone "all in" as a co-conspirator in aiding and abetting the fraud and converting the misappropriated Disputed Shares that rightfully belonged to Plaintiff, and not to IM. Hence the need to add Wilson-Davis as a defendant in this action so as to afford complete relief to Plaintiff for all claims arising from the same transaction and fraudulent scheme.

This motion should be granted because it is timely, the new defendants will not destroy diversity, there is no evidence of undue delay or bad faith, the amendment is not futile, and neither IM nor the joined defendants (who have been on notice of the claims against them -- as the Doe Defendants description clearly included each of them -- since inception of the lawsuit) will not be prejudiced by the amendment.

Therefore, Plaintiff respectfully requests the Court grant this motion in its entirety, and grant leave for Plaintiff to file the attached proposed First Amended Complaint.

## II. Summary Statement of Relevant Facts and Procedural History

A summary of the the procedural history of the case follows.

Plaintiff commenced this action by filing a Summons with Notice in New York State Court on September 27, 2024 (NYSCEF Doc. No. 001), within days of IM's request (through Wilson-Davis) that Pacific unrestrict and transfer the first block of 2,000,000 Disputed Shares (ECF Dkt. 40-4). The Summons with Notice was duly served upon Defendant IM on November 5, 2024 (ECF Dkt. 40-5). The Summons with Notice states claims for, *inter alia*, rescission of the Consulting Agreement based on fraudulent inducement, cancellation or recovery of the Disputed Shares based on IM's fraudulent inducement and material breaches of the Consulting Agreement (and its failure to provide the required Services or to provide any consideration at all to Plaintiff) (ECF Dkt. 40-4). The Summons with Notice named IM and John Defendants as defendants. ECF Dkt. 40-4, Summons

("John Doe Defendants are persons whose identities are currently unknown and are coconspirators that aided and abetted the fraudulent conduct or are in possession or control of the restricted shares of Healixa stock previously issued to Defendant IM, or are assignees of Defendants's purported rights against Healixa or to the shares of Healixa stock at issue.") Those claims were explained and amplified in the the formal complaint that was timely filed and served in the NYS Action following IM's formal demand for the pleading under the New York procedural rules and then re-filed in this Court. (ECF Dkt. 58)

In sum, Plaintiff asserts that those Disputed Shares were issued in IM's name as consideration for a Consulting Agreement pursuant to which IM was obligated to provide valuable services to Plaintiff intended to raise capital and interest among investors for Plaintiff (the "Services") and that IM never provided any of the Services or anything of value to Plaintiff, and that IM fraudulently induced Plaintiff to enter into the Consulting Agreement and to issue the Disputed Shares in the first place without ever having the ability, capacity or intention to perform or provide the requisite Services. *Id.*

Plaintiff alleges that, through threat of legal action against Pacific – and over Plaintiff's strident objections and assurances that Plaintiff would be moving to restrain and enjoin any transfers of the Disputed Shares -- IM (aided by Wilson-Davis, whose name appears in the original complaint 38 times) coerced Pacific to reissue 2,000,000 of the Disputed Shares as unrestricted in November 2024 and to commence a transfer of those shares to Wilson-Davis, IM's broker dealer, through the DWAC system before Plaintiff could appear in Court to restrain that transfer. *Id.*, ¶¶ 30-35.

At the time that Plaintiff rushed into New York State Court in November 2024 to seek a restraining order, it was unclear whether Wilson-Davis had accepted or rejected the transfer of those initial 2,000,000 Disputed Shares on the DWAC

system and Wilson-Davis's counsel refused to provide information through November 11, 2024 (citing "confidentiality"). *Id.*

IM removed the case to the United States District Court for the Eastern District of New York, and the parties subsequently agreed that Plaintiff would not move to remand the case and would consent to transfer to this Court. The case was transferred to this Court on or about December 4, 2025.

Thereafter, Plaintiff brought a motion for preliminary injunction which was denied by the Court based on failure to show irreparable harm, and IM brought a motion to dismiss certain causes of action from the operative complaint which was granted in part and denied in part by this Court. Notably, the Court granted IM's motion to dismiss the Sixth Cause of Action for Conversion in the original complaint as barred by the economic tort doctrine. Hence, that cause of action has been removed from the proposed First Amended Complaint and the Seventh Cause of Action for Misappropriation and Unjust Enrichment is now the Sixth Cause of Action. The Court denied the motion with respect to the fraud claims, holding in part that Healixa's "fraud claims are pled with specificity by identifying the alleged misrepresentations made by [Riley]" and that Healixa's complaint "sufficiently identifies the fraudulent conduct with specificity". ECF Dkt. 60, Order.

Healixa's counsel confirmed to IM's counsel early on that IM's Managing Director Riley would be named as a defendant if the case was not resolved, and confirmed that plan in the Rule 26 Disclosure statement filed on March 24, 2025.. See Dkt. 52, Joint Rule 26(f) Statement ("The parties anticipate the potential appearance of additional parties, including but not limited to Riley").

**III. Plaintiff brings the instant motion after attempting to resolve the issue by stipulation**

On April 25, April 25 and May 15, 2025, counsel for Plaintiff conferred by email with counsel for Defendant IM requesting IM stipulate to an amendment to the complaint to add in Riley and Wilson-Davis, in which Plaintiff would make

changes to certain allegations and Plaintiff's counsel provided IM's counsel with a proposed amended complaint on April 25, 2025. Counsel for IM made clear that IM would not agree to the addition of Riley or Wilson-Davis as defendants, and objected to the inclusion of a conversion claim against any of the defendants based on this Court's prior ruling. Plaintiff conceded to this last point and has deleted the conversion claim from the Proposed Amended Complaint.

## IV. Legal Standard

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course before being served with a responsive pleading … [but in] all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The Court should "freely give leave when justice so requires." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (citation omitted).

The Supreme Court has held that "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment" are sufficient reasons for a district court to deny leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Ci. 1973). Absent a showing of any of the above reasons for denying leave, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). This policy is to be applied with extreme liberality. *Sonoma Cty. Ass'n of Ret. Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Under Federal Rule of Civil Procedure 20, a person who is not an original participant in an action may be joined to the action by one of the existing parties. Federal Rule of Civil Procedure 20 addresses the permissive joinder of parties. "Persons ... may be joined in one action as defendants if: (A) any right to relief is

asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Proc. 20(a)(2).

## V. Argument

### a. There is no evidence of undue delay or bad faith and this motion is timely under the case scheduling order

In this Court's scheduling order, Plaintiff was given until May 21, 2015 to "amend the complaint or add parties". ECF Dkt. 66.

The factors of "good faith" and "undue delay" substantially overlap. "When the court inquires into the good faith of the moving party, it typically will take account of the movant's delay in seeking the amendment." Wright & Miller, Fed. Prac. and Procedure, § 1487. Courts also consider whether the proposed amendment is brought for some improper purpose, such as "when plaintiff attempts to destroy the federal court's jurisdiction over the case by altering the complaint so that the case will be remanded." *Id*. That is not the case here, as diversity jurisdiction is preserved.

Bad faith may also be shown where "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories," the moving party has a history of using delay tactics, or, despite repeated assurances to the contrary, the party subsequently seeks leave to amend after "the proverbial writing was on the wall" that the party would suffer an adverse judgment. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (baseless legal theories justifies finding of bad faith); *Thorton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001) (finding bad faith based on "plaintiff's history of dilatory tactics"); *Trans Video Elec. Ltd. v. Sony Elec., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011 (finding bad faith when plaintiff sought to amend after briefing for summary judgment). That is not the case at bar.Here, Plaintiff is bringing this motion timely,

has not delayed its filing, and none of the signs of bad faith exists. The proposed First Amended Complaint does not destroy diversity or the Court's jurisdiction. There is no history of dilatory tactics by Plaintiff, quite the contrary in fact. Plaintiff quickly brought the initial complaint in New York Supreme Court, timely filed its bond, and quickly brought its since denied motion for preliminary injunctive relief. Granting leave to amend will not delay the case given it is in an early procedural posture – Defendant IM only just filed its answer and counterclaim

(and itself has now sought to add Healixa's CEO, Ian Parker, as a Counterdefendant).

Plaintiff seeks to add necessary parties and amend certain allegations, as well as remove the Conversion cause of action. As such, this factor weighs heavily in favor of granting leave to amend.

**b. The proposed First Amended Complaint is not futile**

[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Baker v. Pacific Far East Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978). Defendant must show that, taking the pleaded facts as true, Plaintiff's allegations fail to state a claim as a matter of law. Absent this, Plaintiff "ought to be afforded an opportunity to test [their] claims on the merits." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (quoting *Foman*, *supra*, at 182).

The proposed First Amended Complaint does not add any new causes of action (and in fact jettisons a claim). It merely seeks to timely join Riley and Wilson-Davis as named defendants on existing claims, amend the caption to include those newly added defendants, reformat the pleading to conform to California federal practice standards instead of New York state court standards, add allegations related to federal diversity of jurisdiction and venue, remove the (former) Sixth Cause of Action for Conversion this Court held to be barred by the

economic tort doctrine in its prior order (ECF Dkt. 60), add the newly joined defendants to the fraud, aiding and abetting fraud, and misappropriation and unjust enrichment causes of action, add a demand for jury trial, and add certain additional factual allegations regarding those new defendants' roles, conduct, and participation in the fraudulent scheme.

**c. Defendant IM will not be prejudiced**

Defendant bears the burden of establishing that prejudice will result from Plaintiffs' amendment. *Eminence Capital, supra*, at 1052 (citing *DCD Programs, supra*, at 186-187). Defendant cannot make such a showing. It is still early in the case. See *ABM Indust., Inc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 227 (N.D. Cal. 2006 (holding defendants were not prejudiced by amendment where case was at an early stage). IM has only just filed its answer and counterclaim (in which it seeks to add a party), initial disclosures have not been exchanged, no depositions have been taken, and no written discovery has even been exchanged yet.

Fact discovery remains open until August 27, 2025, another three months, providing Defendant IM with ample opportunity to conduct any necessary discovery. As such, Defendant IM cannot credibly claim that it will suffer any undue prejudice from the proposed First Amended Complaint.

**d. Amendment is also proper pursuant to Rule 20**

Plaintiff may also join Riley and Wilson-Davis pursuant to Federal Rule of Civil Procedure 20, which allows the joinder of parties that were not originally named in the complaint when there are "some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency* (9th Cir. 1977) 558 F.2d 914, 917; FRCP 20(a)(1).

Here, Plaintiff's claims are centered around a fraudulent scheme to deprive Plaintiff of the Disputed Shares. Riley is central to the scheme and Wilson-Davis is assisting Defendant IM and Riley to perpetuate the scheme. The questions of law and fact related to the fraudulent scheme are common to Riley and Wilson-Davis.

Therefore, they should be joined in this case to avoid a multiplicity of proceedings from the same transaction or occurrence.

**VI. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant it leave to file its First Amended Complaint in this action, which is made for the primary purpose of timely joining two defendants so as to afford Plaintiff complete relief against those responsible for the conduct in question.

Dated: May 21, 2025

**LAW OFFICE OF ARYEH KAUFMAN/**
**MCSHAPIRO LAW GROUP PC**

By: *<u>/s/ Aryeh Kaufman</u>*
Aryeh Kaufman, Esq.
*Attorneys for Plaintiff Healixa Inc.*

**<u>CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2</u>**

The undersigned, counsel of record for Plaintiff Healixa, Inc., hereby certifies that this brief contains 3,245 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 22, 2025

**LAW OFFICE OF ARYEH KAUFMAN/**
**MCSHAPIRO LAW GROUP PC**

By: *<u>/s/ Aryeh Kaufman</u>*
Aryeh Kaufman, Esq.
*Attorneys for Plaintiff Healixa Inc.*